# EXHIBIT A

# EXHIBIT A

Electronically Filed
8/9/2022 8:48 PM
Steven D. Grierson
CLERK OF THE COURT

1  Christopher R. Harrison, Esq.
Nevada Bar No.: 15243
2  **DRE, A.P.C.**
8345 W. Sunset Rd, Ste. 370
3  Las Vegas, Nevada 89113
Tel: (702) 513-8445
4  christopher@dre.law
*Attorney for Netti Herawati*
5

CASE NO: A-22-856728-C
Department 13

6

7                   **DISTRICT COURT**
                **CLARK COUNTY, NEVADA**
8

9  Netti Herawati, an individual            )
                                             )  Case No.:
10               Plaintiff,                   )
                                             )  Dept No.:
11 v.                                         )
                                             )
12                                            )
   MGM   INTERNATIONAL,   a   Delaware)
13 Corporation d/b/a BELLAGIO HOTEL &)
   CASINO; DOES I-V, business entities, forms)  **EXEMPT FROM ARBITRATION**
14 unknown;  and  DOES  VI-X,  individuals,)  **-DAMAGES IN EXCESS OF $50,000.00**
   inclusive,                                )  **-DECLARATORY RELIEF and**
15                                            )  **EQUITABLE RELIEF/INJUNCTION**
16               Defendants.                  )
                                             )
17                                            )
                                             )
18                                            )
                                             )
19                                            )

20 _____

21

22                      **COMPLAINT**

23     Plaintiff, Netti Herawati (hereafter "Plaintiff"), by and through her attorney, Christopher

24 R. Harrison, Esq., of the law firm DRE A.P.C., brings this suit against MGM RESORTS

25 INTERNATIONAL (hereinafter "Defendant") to enforce the statutory and regulatory provisions

26 of NRS 613 and Title I of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12111-17, as

27

28

amended, which incorporates, through 42 U.S.C. § 12117(a), the powers, remedies, and procedures set forth in Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq.

# I

# PARTIES

1. Plaintiff Netti Herawati is an individual residing in the State of Nevada, County of Clark.

2. MGM INTERNATIONAL, a Delaware Corporation d/b/a BELLAGIO HOTEL & CASINO is licensed to conduct unrestricted gaming in the state of Nevada.

3. Defendant is an employer within the state of Nevada and Clark County.

This Court has subject matter jurisdiction over this matter pursuant to Nev. Const. Art. VI, § 6 and NRS § 4.370(1), as this Court has original jurisdiction in all cases not assigned to the justices' courts and the amount in controversy exceeds $15,000, exclusive of attorney's fees, interest, and costs.

All the facts and circumstances that give rise to this dispute and lawsuit occurred in  Clark County, Nevada, making venue in the Eighth Judicial District the appropriate venue under NRS § 13.040.

# III

# ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

7. Plaintiff is an individual with a disability within the meaning of 42 U.S.C. § 12102.

8. Plaintiff is also an individual with a disability within the meaning of the ADA because Defendant regarded Complainant as having a disability when it terminated employment based on her perceived impairment. 42 U.S.C. § 12102(3).

9. Plaintiff has worked as a Casino Dealer for over twenty years. She started as a Poker Dealer at Bellagio in 2009.

10. During all relevant time periods, Complainant is and has been qualified to perform the essential functions of a casino dealer.

11. At the start of April of 2021, Defendant assigned Plaintiff to the 1 AM to 9 AM shift.

12. Following the shift change, Plaintiff soon began experiencing mental health issues: depression, confusion, generalized anxiety and insomnia.

13. On August 8, 2021, Plaintiff called in sick as a result of her mental health issues.

14. On August 18, 2021, Plaintiff began psychiatric treatment for her mental health issues.

15. On August 18, 2021, Plaintiff advised Defendant she was under a physician's care for treatment of her anxiety disorder and had been advised to return to a day shift. (Exhibit A Diagnosis). Defendant submitted the report to Defendant's Human Resource Department via an online employee portal.

16. At the end of the 30-day medial leave, Defendant failed to return Plaintiff to the work schedule.

17. On September 22, 2021, Plaintiff contacted Defendant's Human Resources department who referred her to Mike Williams, her supervising manager.

18. Notwithstanding these findings, Mike Williams informed Plaintiff she was scheduled to return to the 1 AM to 9 AM shift.

19. Upon information and belief, at the same time Plaintiff was assigned to the night shift, other employees were moved to day shifts. (Exhibit Employee Affidavit).

20. On August 18, 2022, Plaintiff requested a day shift in accordance with her psychiatrist's recommendations. Defendant declined to do so. Instead, it offered work for substantially less pay outside the Poker Room. Defendant declined the offer because it could not sustain her financially.

21. On March 31, 2022, Defendant terminated Plaintiff for failure to perform. Defendant's determination regarding Plaintiff's inability to perform at MGM standards was at odds with Plaintiff's twelve years dealing Poker for Defendant.

22. Defendant's actions caused Plaintiff significant emotional distress, including humiliation, depression, and anxiety, as well as other monetary and dignitary harms.

23. MGM's actions cause Complainant continuing harm because her termination leaves a gap in her career record that is difficult to explain.

24. On October 11, 2021, Plaintiff submitted a Discrimination Intake Form to the Nevada Equal Rights Commission, Charge Number. A true and correct copy of the Intake Form is attached hereto as "Exhibit 1."

25. On May 16, 2022, Plaintiff received her Right-to-Sue Notice from the Nevada Equal Rights Commission. A true and correct copy of the Right to Sue is attached hereto as Exhibit 2.

26. Having received a Right to Sue from the Nevada Equal Rights Commission, Plaintiff has fully exhausted the available administrative remedies pursuant to 42 U.S.C. § 2000e-5, and incorporated by reference in 42 U.S.C. § 12117(a)and therefore all conditions precedent to the filing of this suit have occurred.

**IV**

**CAUSES OF ACTION**

**FIRST CAUSE OF ACTION**
**Violation of Title I of the Americans with Disabilities Act**
**(42 U.S.C. § 12112) and NRS  613.330**

25. The foregoing paragraphs are incorporated herein. Title I of the ADA, 42 U.S.C. §§ 12111-12117, and its implementing regulation, 29 C.F.R. Part 1630, prohibit covered entities, such as

Defendant, from discriminating against qualified individuals on the basis of disability in regard to the discharge of employees and other terms, conditions, and privileges of employment.

26. Plaintiff is a qualified individual with a disability within the meaning of the ADA who during all relevant time periods could perform the essential functions of a casino dealer with or without accommodation. 42 U.S.C. § 12111(8); 29 C.F.R. § 1630.2(m).

27. Defendant discriminated against Complainant in violation of 42 U.S.C. § 12112(a) and 29 C.F.R. § 1630.4 by terminating her as a Casino Dealer after she provided notification of her disability.

**SECOND CAUSE OF ACTION**
**Failure to Accommodate Disability**
**(42 U.S.C. § 12112)**

28. The foregoing paragraphs are incorporated herein.

**THIRD CAUSE OF ACTION**
**Wrongful Termination in Violation of Public Policy**

29. The foregoing paragraphs are incorporated herein.

**Fourth Cause of Action**
Hostile Work Environment
42 U.S.C. § 2000 e

30. The foregoing paragraphs are incorporated herein

**DEMAND FOR RELIEF**

**WHEREFORE**, the Plaintiff asks that this Court:

A. Grant judgment in favor of the Plaintiff and declare that Defendant has violated NRS 613.330 and Title I of the ADA, 42 U.S.C. §§ 12111-12117, and its implementing regulation;

B. Enjoin Defendant and its agencies, agents, employees, successors and all persons in active concert or participation with it, from engaging in discriminatory employment policies and practices that violate Title I of the ADA;

C. Require Defendant to modify its policies, practices, and procedures as necessary to bring its employment practices into compliance with Title I of the ADA;

D. Order Defendant to ensure that all MGM employees, contractors, or other agents who participate in hiring or personnel decisions are trained on the requirements of Title I of the ADA;

E. Order Defendant to reinstate Complainant to the position of Casino Dealer on the day shift as if her employment had continued on a full-time, uninterrupted, basis since the date her termination.

F. Award Complainant compensatory damages, including damages for emotional distress, for injuries suffered as a result of the discrimination alleged in this Complaint pursuant to 42 U.S.C. § 1981a;

G. For general damages for past and future harms and losses in an amount in excess of $15,000.00.

H. For special damages for past and future harms and losses in an amount in excess of $15,000.00; and

I. All allowable statutory damages and remedies against Defendants, including attorney's fees and costs, according to proof;

J. Attorney's fees;

///

///

///

K. Cost of suit;  and

G. For such other and further relief as to this Court shall deem just and proper.

DATED this 9th day of August, 2022.

**DRE A.P.C.**


*/s/ Christopher R. Harrison*
Christopher R. Harrison, Esq.
Nevada Bar No.: 15243
*Attorney for Plaintiff*